

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00352-CV

IN THE MATTER OF THE MARRIAGE OF KIMRY LEANG AND HENRY SUN

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-634715-18, Honorable Jerome S. Hennigan, Presiding

March 1, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

This is a restricted appeal initiated by Henry Sun. Through it, he appeals from a final divorce decree ending his marriage with Kimry Leang. The decree also designated conservatorship over their two children, addressed visitation of those children, ordered child support, and divided the community estate. The appellate record illustrates that Sun failed to answer the divorce petition filed by Leang, despite being served with citation. Furthermore, the trial court convened a final hearing on the petition whereat only Leang appeared and testified. Said hearing resulted in entry of the final decree on April 16, 2018. Sun filed his notice of restricted appeal from that decree on September 4, 2018,

and contends that the decree should be reversed since no evidence supports the trial court's decision. We affirm in part and reverse in part.[1]

To prevail in his restricted appeal, Sun must establish that 1) he filed his notice of appeal within six months after the complained-of judgment or order was signed; 2) he was a party to the underlying suit but did not participate in the hearing that resulted in the complained-of judgment; 3) he did not timely file a post-judgment motion, request findings of fact and conclusions of law, or file a notice of appeal within the time permitted by Texas Rule of Appellate Procedure 26.1(a); and, 4) the complained-of error is apparent from the face of the record. *McCoy v. McCoy*, No. 02-17-00275-CV, 2018 Tex. App. LEXIS 9347, at \*3 (Tex. App.—Fort Worth Nov. 15, 2018, no pet.) (mem. op.). Additionally, the face of the record consists of all the papers on file, including any reporter's record, along with all papers on file with the trial court at the time the judgment was entered. *Id.* at \*5. Given that the error must appear on the face of the record, authority bars us from considering evidence that was not before the trial court when it entered its judgment. *Id.*

The record before us illustrates that Sun 1) filed his notice of restricted appeal within six months of the date on which the final decree was signed by the trial court, 2) did not participate in the final hearing, and 3) did not file any timely post-judgment motions, requests for findings and conclusions, or a timely notice of appeal. As for the face of the record, it illustrates that an evidentiary hearing was convened. Leang was the sole witness and testified to the elements permitting a no-fault divorce and the existence of children of the marriage. *See* TEX. FAM. CODE ANN. § 6.01 (West 2006) (stating that "the

---

[1]Because this appeal was transferred from the Second Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

2

court may grant a divorce without regard to fault if the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marital relationship and prevents any reasonable expectation of reconciliation"). Yet, no evidence was proffered regarding the extent of the marital estate or its value, the income and debts of either parent, the residence of the children, the relationship of the children with either parent, or the age of the children. Nonetheless, the trial court granted the divorce, assigned conservatorship over the children, ordered Sun to pay child support of $300 per month, and divided the community estate.

Unlike a general default setting, the allegations of a divorce petition cannot be taken as confessed if the respondent fails to file an answer. *Id.* § 6.701; *Lynch v. Lynch*, 540 S.W.3d 107, 127 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *Ho v. Ho*, No. 2-04-231-CV, 2006 Tex. App. LEXIS 854, at *5 (Tex. App.—Fort Worth Feb. 2, 2006, no pet.) (mem. op.). Instead, the petitioner must offer proof supporting the material allegations in the petition. *Ho*, 2006 Tex. App. LEXIS 854, at *5. Consequently, a divorce granted via a default judgment is subject to an evidentiary attack on appeal. *Id.* at *5-6.

Here, the face of the record before us paints a setting akin to a default judgment. Sun did not answer. And, aside from establishing the elements of Family Code § 6.01, the appellate record illustrates that the trial court made factually based decisions regarding conservatorship, child support, visitation, and the community estate without supporting evidence. Consequently, we agree with Sun's contention that the fourth element underlying a restricted appeal has been met in part.

Accordingly, we affirm that part of the final divorce decree ending the marriage of Sun and Leang but reverse the decree in all other things and remand the cause to the trial court.

Brian Quinn
Chief Justice